UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FERNANDO ZAPATA-BERMUDEZ, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL NO. 05-342-19 (RCL) |

FILED

MAY 14 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER OF DETENTION

Now before the Court is the Government's motion [153] for pretrial detention of defendant without bond pursuant to 18 U.S.C. § 3142. This Court conducted a hearing on the matter on May 13, 2008. Upon consideration of the Government's motion and its proffer of evidence introduced at the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. See 18 U.S.C. § 3142(e). Accordingly, the Government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial. In support of this ruling, the Court makes the following findings:

1. There is a presumption that the defendant should be detained because he has been charged by indictment with an offense for which the maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e); see United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986) (finding that a grand-jury indictment on its face sufficiently creates the probable cause necessary to establish a presumption of detainment under 18 U.S.C. § 3142(e)).

2. Defendant does not live in the United States and there is no indication that he has family members living in the United States or any other ties to the United States. Defendant's lack of ties to the United States and his personal characteristics support the conclusion that he would pose a risk of flight if released. 18 U.S.C. § 3142(g)(3)(A); *see United States v. Vargas*, 804 F.2d 157, 163–64 (1st Cir. 1986) (holding that detention was proper where defendant was a Chilean national and lacked ties to the United States).

3. The defendant is a danger to the community in general as a result of his alleged drug trafficking activities. The size and scope of the drug trafficking enterprise alleged in this case, as well as the defendant's allegedly significant role in that enterprise, make the risk to the community especially acute.

4. The defendant has not rebutted the presumption contained in the Bail Reform Act and accordingly no condition or combination of conditions will reasonably assure the appearance of the defendant at trial. *See* 18 U.S.C. § 3142(e).

5. In making these findings, the Court has assessed the weight of the evidence against defendant. 18 U.S.C. § 3142(g)(2). The evidence against defendant includes court-ordered wiretap evidence, the testimony of witnesses, and evidence from as many as five seizures related to the organization. Defendant was recorded discussing the buying and assembly of cocaine as well as other financial transactions. The Government also indicated that it has evidence that defendant worked on the logistics regarding use of "go fast" boats to transport cocaine. The available evidence also causes the Court to take note of the nature and seriousness of the charged crime, 18 U.S.C. § 3142(g)(1), which involves large-scale trafficking of a controlled substance. The seriousness of the charged

offense is an indication of the degree of flight risk involved, and also points to the serious risk to the community that defendant might pose if released on bond.

6. The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

7. The defendant shall be afforded reasonable opportunity for private consultation with counsel. 18 U.S.C. § 3142(i)(3).

8. Upon order of this Court or on request by the United States, defendant shall be delivered to the United States Marshals Service for the purpose of his appearance in connection with court proceedings. 18 U.S.C. § 3142(i)(4).

SO ORDERED.


_____     _____
Chief Judge Royce C. Lamberth                 Date

Case 1:05-cr-00342-RCL    Document 156    Filed 05/14/2008    Page 4 of 4